BOUUDIN, J.,
delivered the judgment of the court. .
This day came again the parties by their attorneys, and the court having maturely considered the transcript of the record of the judgment aforesaid, and the arguments *449 of counsel, is of opinion that the objection taken at the bar, that the judgment"appealed from in this case was not a final judgment, and that the writ of error was therefore improvideutly awarded, is untenable. The court is of opinion that the judgment was such a final judgment as is the subject of a writ of error. The judgment of the County court, reviewed by the Circuit court, was certainly a final judgment; and if has more than once been held by this court, that such finality is imparted to the judgment of the Circuit court acting as an appellate tribunal, notwithstanding the judgment of the County court may *be reversed by the Circuit court, and the cause be ordered to be retained therein for further proceedings. No such proceedings having been had in the Circuit court in this case, except mere coutiimances, the judgment of the Circuit court was final, and the writ of error was not improvideutly awarded.
The court is further of opinion that the bill of exceptions taken by the defendant in the County court to the judgment of that court, overruling his motion to set aside the verdict of the jury and award him a new trial, upon the ground that the verdict was contrary to the evidence, is not well taken. It evidently contains a certificate, not of the facts proved in the cause, but of all the evidence adduced; and that evidence is conflicting. In such case, it is well established by numerous decisions of this court, that all evidence of the party excepting, in conflict with that of the other side, must be disregarded in the appellate tribunal. The result in this case is fatal to the pretensions of the defendant in the County court. This court cannot say that the evidence adduced by the plaintiff in that court, if uncontra-dicted, did not justify, or, at the least, tend strongly to the conclusion reached by the jury; and the verdict having been approved by the court of trial, it would be in violation of the uniform and well considered decisions of this court to interfere with it under such circumstances. Eor these reasons, the court is of opinion that the Circuit court erred in reversing the judgment of the County court, and that the judgment of the latter court should be affirmed. It is therefore considered by this court that the judgment aforesaid of said Circuit court be reversed and annulled, and that the defendant in error, as executor of John Wissler, deceased, out of the assets of his testator, in his hands *to be administered, do pay to the plaintiff in error his costs by him about the prosecution of his writ of error in this court expended.
And this court proceeding to enter such judgment as should have been rendered by said Circuit court, it is further considered that the judgment of the County court be affirmed, and that said I'ranklin H. Wissler, as executor of John Wissler, deceased, out of the assets of his testator, in his hands to be administered, do pay to the said Joseph Brumbaugh his costs by him about his defense in said Circuit court expended, and damages according to law. All which is ordered to be certified to said Circuit court of Shenandoati county.
Judgment of the Circuit court reversed.